IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HISENSE USA CORPORATION, a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | **FILED: JULY 3, 2008** |
| v. | ) ) | Case No. **08CV3820** |
| REX RADIO AND TELEVISION, INC. d/b/a REX CORPORATION | ) ) ) | **JUDGE HOLDERMAN** |
| | ) Judge: | **MAGISTRATE JUDGE BROWN** |
| Defendant. | ) ) | **AEE** |

## COMPLAINT

NOW COMES the Plaintiff, HISENSE USA CORPORATION, a Delaware corporation, by and through its attorneys, and for its Complaint against REX RADIO AND TELEVISION, INC. d/b/a REX CORPORATION, states as follows:

### PARTIES

1. HISENSE USA CORP. ("Plaintiff") is a Delaware corporation with its principal place of business in Suwannee, Georgia.

2. REX RADIO AND TELEVISION, INC. d/b/a REX CORPORATION ("Defendant"), upon information and belief, is a corporation incorporated pursuant to the laws of the State of Ohio.

### VENUE AND JURISDICTION

3. Pursuant to 28 U.S.C. Section 1332(a)(1) this Court has diversity jurisdiction over all claims because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and the Plaintiff is a citizen of the State of Delaware with

offices throughout the United States including the State of Illinois. Defendant is a citizen of the State of Ohio with its principal office located in Dayton, Ohio.

4. Venue is proper pursuant to 28 U.S.C. Section 1391 in this Court because the Defendant is doing substantial business in the Northern District of Illinois. Defendant has retail locations here in the Northern District of Illinois to promote and sell Defendant's goods. In addition, the Plaintiff has a sales office and a business office here in the Northern District of Illinois.

## FACTS COMMON TO ALL COUNTS

5. On or about August 24, 2005 and January 27, 2006, the Plaintiff and Defendant entered into a written purchase order agreement ("P.O."). A copy of the P.O.s are attached hereto as Exhibit A and Exhibit B, respectively.

6. The purchase order as delivered to Plaintiff by Defendant contains a one page document with few terms and conditions.

7. Notwithstanding the sane the subject matter of the P.O.s is the sale by Plaintiff to Defendant of various quantities of flat paneled television receivers ("televisions") for resale at retail by Defendant.

8. Pursuant to the P.O. Plaintiff manufactured and sold large quantities of flat panel televisions to Defendant for delivery over a period of time.

9. Defendant did not pay all sums of money charged on invoices sent by Plaintiff for the sale and delivery of said television sets to Defendant.

10. On or before September, 2007, Plaintiff became aware that the Defendant unilaterally issued credits to itself reducing the amounts of money due to the Plaintiff in substantial amounts.

11. Shortly after September, 2007, the Plaintiff agreed to accept defective returns by the Defendant. In fact, after September 2007 the Defendant began shipping all televisions defective or otherwise to the Plaintiff under certain return authorization numbers provided by Plaintiff to Defendant.

12. Prior to agreeing to accept the returns, the outstanding balance owed to the Plaintiff by Defendant was $454,405.00.

13. After accounting for all of the returns made by Defendant to Plaintiff, a credit was provided to the Defendant in the sum of $226,678.00 leaving an unpaid balance of $227,727.00. Demand has been made upon the Defendant to pay for the flat panel televisions delivered to the Defendant pursuant to the P.O.s, Exhibit A and Exhibit B, or in the alternative to return said flat panel televisions. However, to date the Defendant has failed and refused to do so.

## COUNT I – BREACH OF CONTRACT

14. The Plaintiff realleges and reincorporates Paragraphs 1 through 13 herein as if fully set forth as Paragraphs 1 through 13 of this Count I.

15. By the terms of the P.O., the Plaintiff agreed to manufacture, sell, and deliver over a period of time a large number of flat panel televisions and Defendant agreed to pay for the same over a period of time.

16. Pursuant to the P.O., Exhibit A and Exhibit B, the Plaintiff did in fact manufacture, sell, and deliver a large volume of flat panel televisions to the Defendant.

17. The Defendant from time to time paid some of the invoices sent by Plaintiff upon delivery of the televisions.

18. In or about the fall of 2007, the Defendant agreed to ship to Plaintiff all flat panel televisions Defendant claimed to be defective and/or that Defendant could not sell.

19. The Defendant shipped to Plaintiff televisions in the approximate sum of $226,678.00. The Defendant failed to ship televisions to Plaintiff in the sum of $227,727.00.

20. As a result of Defendant's dominion and control over the goods the Defendant had accepted the goods.

21. As a result of Defendant's acceptance of the goods, all sums unpaid became immediately due and owing to Plaintiff.

22. Plaintiff has performed all of the terms and conditions of the P.O.'s with Defendant. Defendant has breached the P.O. by refusing to pay the sum of $227,727.00 due and owing to Plaintiff.

23. As a direct and proximate result of Defendant's breach, Plaintiff has been damaged in the sum of $227,727.00, exclusive of costs and attorneys' fees.

WHEREFORE, the Plaintiff, HISENSE USA CORP. prays that this Honorable Court enter judgment in its favor and against REX RADIO AND TELEVISION, INC. d/b/a REX CORPORATION in an amount of $227,727.00, for costs and for any other relief this Court deems just and fit.

## COUNT II – CONVERSION

24. The Plaintiff realleges and reincorporates Paragraphs 1 through 23 herein as if fully set forth as Paragraphs 1 through 23 of this Count II.

25. Defendant accepted all of the televisions shipped to it but refused to pay the sum of $227,727.00.

26.     The Defendant's exercise of dominion and control over what it claims to be defective or damaged televisions was unauthorized and permanently deprived the Plaintiff of its personal property.

27.     The Defendant's unauthorized assumption and exercise of the rights of ownership over the televisions constitutes an act of conversion.

28.     As a direct and proximate result of the Defendant's wrongful act of conversion, the Plaintiff has been damaged in an amount exceeding $227,727.00 plus costs and attorney's fees.

WHEREFORE, the Plaintiff, HISENSE USA CORP. prays this Honorable Court enter judgment in its favor and against the Defendant, REX RADIO AND TELEVISION, INC. d/b/a REX CORPORATION, in an amount of $227,727.00, for costs and attorneys' fees and for any other relief this Court deems just and fit.

Respectfully submitted,

HISENSE USA CORP.


By:  /s/Elliot S. Wiczer


Elliot S. Wiczer (#06208432)
WIZER & ZELMAR, LLC
500 Skokie Boulevard, Suite 350
Northbrook, IL  60062
(847) 849-4800





